

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
11/16/2010

| | | |
|---|---|---|
| IN RE: § | | |
| JOHN HART DRAPER; dba JOHN § | Case No. 09-39078 | |
| DRAPER REAL ESTATE; aka DRAPER; § | | |
| dba VICTORIA RESTORATION; dba § | | |
| TELEPHONE ROAD OWNER, § | | |
|     Debtor(s). § | | |
| § | Chapter 7 | |
| § | | |
| CARRIAGE CREDIT CORPORATION, *et* § | | |
| *al*, § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 10-3153 | |
| § | | |
| MICHAEL FLANAGAN, § | | |
|     Defendant(s). § | Judge Isgur | |

## MEMORANDUM OPINION

Houston Equities, Inc. and Carriage Credit Corporation, the Plaintiffs, seek to have two Deeds of Trust declared invalid. Flanagan, the Defendant and holder of the Deeds of Trust, removed this action to the Bankruptcy Court. The Plaintiffs have moved to remand this proceeding back to state court. This proceeding is related to John Draper's bankruptcy case, and the Court should not remand or abstain.

### Background

Michael Flanagan, the Defendant in this adversary proceeding, holds Deeds of Trust against four tracts of land owned by the Plaintiffs, Houston Equities and Carriage Credit. Two of the tracts of land (collectively, "the FM 1960 Venture Property") are owned by Carriage Credit, and the other two (collectively, "the West Alabama Property") are owned by Houston Equities. Houston Equities and Carriage Credit seek to have these Deeds of Trust, which were granted by John Draper, declared invalid. According to the Plaintiffs, Draper did not have the legal

authority to grant any interests in the property to Flanagan. (Pl's Original Pet'n ¶ 20, Doc. No. 1-1, at 4.)

Flanagan alleges he had provided multiple loans to Draper for Draper's business of buying and refurbishing residential properties. (Flanagan's First Am. Answer ¶ 47, Doc. No. 8, at 7-8.) All the loans, according to Flanagan, were short-term obligations secured by first liens on identified tracts of land. (Flanagan's First Am. Answer ¶ 47, Doc. No. 8, at 7.) Documentation became less formal, and Flanagan says he eventually learned that some of the liens were actually second liens. (Flanagan's First Am. Answer ¶ 48, Doc. No. 8, at 8.) The Debtor then offered the Deeds of Trust to induce Flanagan not to foreclose on his second-lien interest. (Flanagan's First Am. Answer ¶ 51 Doc. No. 8, at 9.)

As an individual debtor, Draper filed a chapter 7 voluntary petition on November 30, 2009. On November 4, 2010, Houston Equities and Carriage Credit sued Flanagan in the Harris County District Court, seeking a declaratory judgment that Flanagan's deeds of trust were invalid, along with other relief. On March 29, 2010, Flanagan filed a counterclaim against Houston Equities and Carriage Credit for statutory fraud and common-law fraud and added Draper as a third-party defendant. On the same day, Flanagan removed the case to the Bankruptcy Court. Draper's chapter 7 Trustee, Ben Floyd, was added as a defendant, although Draper continued to be listed individually as a party to the lawsuit. Floyd and Draper filed separate answers to Flanagan's answer.

On May 5, 2010, Flanagan filed another adversary proceeding, No. 10-03199, against Draper, seeking to have Draper's debt to Flanagan for the loans provided in exchange for the liens on the FM 1960 Venture Property and the West Alabama Property declared nondischargeable under § 523(a)(2)(A) and (B) of the Bankruptcy Code. Flanagan's complaint

against Draper alleges that, if Draper did not have authority to convey the Deeds of Trust, then Draper fraudulently induced Flanagan to continue to extend credit and not to take adverse actions against Draper or his properties.  (No. 10-03199, Pl's Orig. Compl. ¶ 21, Doc. No. 1, at 6.)

Meanwhile, Houston Equities and Carriage Credit moved to remand this adversary proceeding.  The Plaintiffs first filed a Motion to Remand in Draper's main bankruptcy case, No. 09-39078, on April 28, 2010.  After a hearing on May 17, 2010, at which the parties discussed the Motion to Remand, the Plaintiffs properly filed the Motion to Remand and Motion to Sever in the adversary proceeding on May 21, 2010.  (Doc. No. 11.)  The Court held a hearing on the Motion to Remand on September 28, 2010, and parties were allowed to file post-hearing briefs.

## Analysis

The Bankruptcy Court's jurisdiction is limited to bankruptcy cases and proceedings that arise under the Bankruptcy Code, arise in a bankruptcy case, or are related to a bankruptcy case. 28 U.S.C. § 1334; 28 U.S.C. § 157(a).  The Court therefore has jurisdiction over this adversary proceeding only if it arises under, arises in, or is related to John Draper's bankruptcy case.

Houston Equities and Carriage Credit's suit against Flanagan does not assert a right created by the Bankruptcy Code, so this proceeding does not arise under the Bankruptcy Code. *Wilborn v. Wells Fargo Bank (In re Wilborn)*, 609 F.3d 748, 752 (5th Cir. 2010).  The adversary proceeding also does not assert a claim that could not exist outside of bankruptcy, so this proceeding does not arise in Draper's bankruptcy case.  *Id.*

An action is related to a bankruptcy case if the outcome could conceivably affect the bankruptcy estate.  *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 298 (5th Cir. 2007).  "Certainty is unnecessary; an action is

'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankruptcy estate." *Id.*

*Edge Petroleum* provides guidance here. Edge, a natural gas producer, sold gas to the debtor entities. *Id.* at 296. The debtors sold the gas to Duke Energy Trading and Marketing, L.L.C., which resold it to third parties. *Id.* Edge was not paid for the gas, and it sued Duke for payment, alleging that Duke had not paid the debtors. Duke asserted that it had paid the debtors, because it had overpaid in the months prior to the delivery, and the delivered gas offset Duke's overpayment. *Id.* The Fifth Circuit held that Edge's claim against Duke did relate to the debtors' bankruptcy: "Someone owes Edge money for the gas; if it is not Duke, it is the debtors. If it is Duke, then Duke will have discharged a liability of the debtors and . . . probably will file a claim against the debtors' estates for reimbursement." *Id.* at 297 (citation omitted).

In this case, the outcome of the adversary proceeding could similarly affect the debtor's obligations. Flanagan alleges that someone owes him money or an interest in property. Either Flanagan has a valid lien against Houston Equities and Carriage Credit's properties, or, if Flanagan's allegations are correct, Draper owes Flanagan more money. If Flanagan wins this adversary proceeding, his claim against Draper's bankruptcy estate will be significantly reduced or eliminated. The outcome of this adversary proceeding thus has a conceivable impact on Draper's bankruptcy estate.

Even if the Court has related-to jurisdiction, however, the Court is required under 28 U.S.C. § 1334(c)(2) to abstain upon a timely motion where (1) the claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state

court.  *Id.* at 300 (citing *Schuster v. Mims (In re Rupp & Bowman)*, 109 F.3d, 237, 239 (5th Cir. 1997)).  As the moving parties, Houston Equities and Carriage Credit bear the burden of proving that abstention is appropriate.  *Ortiz v. Aurora Health Care, Inc. (In re Ortiz)*, 522 B.R. 161, 164 (Bankr. E.D. Wis. 2010); *Goodman v. Phoenix Container (In re DeMert & Dougherty, Inc.)*, 271 B.R. 821, 842 (Bankr. N.D. Ill. 2001).

The movants here have met several of the requirements.  Houston Equities and Carriage Credit timely moved for abstention; the action could not have been commenced in a federal court without bankruptcy jurisdiction; and the proceeding is related-to, not core.  The action also was commenced in a state court.  However, Houston Equities and Carriage Credit did not present any evidence that the state court could timely adjudicate the action.  A party moving for mandatory abstention must provide the court with more than a "naked assertion" that the action can be timely adjudicated in state court.  *Mugica v. Helena Chem. Co. (In re Mugica)*, 362 B.R. 782, 793 (Bankr. S.D. Tex. 2007) (quoting *Veldekens v. GE HFS Holdings, Inc. (In re Doctors Hosp. 1997, L.P.)*, 351 B.R. 813, 846 (Bankr. S.D. Tex. 2006)).  Houston Equities and Carriage Credit therefore did not meet their burden of proving that mandatory abstention is appropriate.  *See Kirschner v. Grant Thornton, L.L.P. (In re Refco, Inc. Sec. Litig.)*, 628 F.Supp.2d 432 (S.D.N.Y. 2008) (denying mandatory abstention where the Trustee failed to meet its burden of proving that its claim could be timely adjudicated in Illinois state court).

Houston Equities and Carriage Credit did not present any evidence on the record to support their argument for equitable remand or permissive abstention, so the Court declines to remand or abstain on discretionary grounds.

court.  *Id.* at 300 (citing *Schuster v. Mims (In re Rupp & Bowman)*, 109 F.3d, 237, 239 (5th Cir. 1997)).  As the moving parties, Houston Equities and Carriage Credit bear the burden of proving that abstention is appropriate.  *Ortiz v. Aurora Health Care, Inc. (In re Ortiz)*, 522 B.R. 161, 164 (Bankr. E.D. Wis. 2010); *Goodman v. Phoenix Container (In re DeMert & Dougherty, Inc.)*, 271 B.R. 821, 842 (Bankr. N.D. Ill. 2001).

The movants here have met several of the requirements.  Houston Equities and Carriage Credit timely moved for abstention; the action could not have been commenced in a federal court without bankruptcy jurisdiction; and the proceeding is related-to, not core.  The action also was commenced in a state court.  However, Houston Equities and Carriage Credit did not present any evidence that the state court could timely adjudicate the action.  A party moving for mandatory abstention must provide the court with more than a "naked assertion" that the action can be timely adjudicated in state court.  *Mugica v. Helena Chem. Co. (In re Mugica)*, 362 B.R. 782, 793 (Bankr. S.D. Tex. 2007) (quoting *Veldekens v. GE HFS Holdings, Inc. (In re Doctors Hosp. 1997, L.P.)*, 351 B.R. 813, 846 (Bankr. S.D. Tex. 2006)).  Houston Equities and Carriage Credit therefore did not meet their burden of proving that mandatory abstention is appropriate.  *See Kirschner v. Grant Thornton, L.L.P. (In re Refco, Inc. Sec. Litig.)*, 628 F.Supp.2d 432 (S.D.N.Y. 2008) (denying mandatory abstention where the Trustee failed to meet its burden of proving that its claim could be timely adjudicated in Illinois state court).

Houston Equities and Carriage Credit did not present any evidence on the record to support their argument for equitable remand or permissive abstention, so the Court declines to remand or abstain on discretionary grounds.

court.  *Id.* at 300 (citing *Schuster v. Mims (In re Rupp & Bowman)*, 109 F.3d, 237, 239 (5th Cir. 1997)).  As the moving parties, Houston Equities and Carriage Credit bear the burden of proving that abstention is appropriate.  *Ortiz v. Aurora Health Care, Inc. (In re Ortiz)*, 522 B.R. 161, 164 (Bankr. E.D. Wis. 2010); *Goodman v. Phoenix Container (In re DeMert & Dougherty, Inc.)*, 271 B.R. 821, 842 (Bankr. N.D. Ill. 2001).

The movants here have met several of the requirements.  Houston Equities and Carriage Credit timely moved for abstention; the action could not have been commenced in a federal court without bankruptcy jurisdiction; and the proceeding is related-to, not core.  The action also was commenced in a state court.  However, Houston Equities and Carriage Credit did not present any evidence that the state court could timely adjudicate the action.  A party moving for mandatory abstention must provide the court with more than a "naked assertion" that the action can be timely adjudicated in state court.  *Mugica v. Helena Chem. Co. (In re Mugica)*, 362 B.R. 782, 793 (Bankr. S.D. Tex. 2007) (quoting *Veldekens v. GE HFS Holdings, Inc. (In re Doctors Hosp. 1997, L.P.)*, 351 B.R. 813, 846 (Bankr. S.D. Tex. 2006)).  Houston Equities and Carriage Credit therefore did not meet their burden of proving that mandatory abstention is appropriate.  *See Kirschner v. Grant Thornton, L.L.P. (In re Refco, Inc. Sec. Litig.)*, 628 F.Supp.2d 432 (S.D.N.Y. 2008) (denying mandatory abstention where the Trustee failed to meet its burden of proving that its claim could be timely adjudicated in Illinois state court).

Houston Equities and Carriage Credit did not present any evidence on the record to support their argument for equitable remand or permissive abstention, so the Court declines to remand or abstain on discretionary grounds.

**Conclusion**

This adversary proceeding is related to John Draper's bankruptcy. The Court has jurisdiction under 28 U.S.C. § 1334(b) and § 157(a). Because Houston Equities and Carriage Credit did not present evidence that a state court could timely adjudicate the action, the Court is not required to abstain from deciding the case. Because there is no evidence to support permissive abstention, the Court should not remand or abstain on discretionary grounds. Accordingly, remand is denied.

SIGNED **November 15, 2010.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE